## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ERNEST JEWEL HICKAM IV** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **OFFICE OF PERSONNEL** | § | **CIVIL ACTION NO. 4:23-cv-03133** |
| **MANAGEMENT FOR THE** | § | **JURY DEMAND** |
| **UNITED STATES OF AMERICA** | § | |
| **(ACTING FOR THE VETERAN'S** | § | |
| **AFFAIRS), HOUSTON INDEPENDENT** | § | |
| **SCHOOL DISTRICT ("HISD"),** | § | |
| **AND GIANNI LEDEZMA IN HIS** | § | |
| **ROLE AS HISD SUPERVISOR** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. Plaintiff, Ernest Jewel Hickam IV ("Hickam"), files his First Amended Complaint against the Office of Personnel Management ("OPM") for the United States of America; Houston Independent School District ("HISD"); and Gianni Ledezma. Plaintiff states:

### THE PARTIES

a. Plaintiff:

- Ernest Jewel Hickam IV is a former Navy Veteran government employee with a specialty in working on HVAC (Heating, Vacuuming, and Air Conditioning) systems. Hickam worked as a Senior HVAC Repairer with HISD from December 11, 2014 to August 9, 2021. From September 2021 to

February 2022, Hickam worked with TDI, a premier design-build mechanical construction service and facilities maintenance provider. Thereafter, from June 5, 2022 to April 18, 2023, Hickam worked for the Veterans Affairs ("VA") as an air conditioning equipment operator. Hickam resides at 3929 2nd Street, Brookshire, Texas 77423.

b. Defendants are:
  • Office of Personnel Management (OPM) is a covered entity under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, ("Section 504.") OPM functions as the personnel arm of the VA in making decisions regarding Hickam's employment and termination from employment with the VA. OPM was served through Myra Siddiqui, Assistant Attorney General, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

Houston Independent School District
  • Houston Independent School District is where Hickam worked from December 2014 to August 2021 before his employment with the VA. HISD is a covered entity under Section 504 because it was a public school at all times relevant to this lawsuit.

Gianni Ledezma
  • Gianni Ledezma was Hickam's supervisor at HISD.

## JURISDICTION, SERVICE OF PROCESS, AND VENUE

2. OPM's counsel has accepted service of process; OPM will file a responsive pleading or answer to this Amended Complaint within twenty-five (25) days after receiving this First Amended Complaint. This Court has federal question jurisdiction under RA § 504 and Section 1331 (providing federal question jurisdiction over federal law claims). Thus, federal question jurisdiction under RA § 504 exists because Hickam is a qualified individual with a disability. In turn, HISD may be served through Audrey Momanaee, President HISD, at 4400 W

18th Street, Houston, Texas, 77092. Additionally, Ledezma may be served at his home address located at 228 Wallace Street, Houston, TX. 77022. Finally, this Court has personal and supplemental jurisdiction over Defendants HISD and Ledezma's tortious acts under 28 U.S.C. § 1367 (supplemental jurisdiction).

3.   Venue is proper in this Court because Hickam resides in Houston, Texas and, at all times relevant to this case, Defendants' discriminatory and tortious acts occurred in Houston, Texas.

## SUMMARY AND FACTUAL ALLEGATIONS

4.   This is an RA Section 504 disability discrimination and tort claim case predicated on Defendants' discriminatory and tortious conduct directed at Hickam because of his Post Traumatic Stress Disorder ("PTSD").[1]

5.   HISD discharged Hickam based on discriminatory written warnings and a conflict with a coworker in which Hickam used the "F" word when his supervisor touched Hickam and got in his face.   Thereafter, OPM fired Hickam supposedly because he failed to answer completely a job application question regarding *any* job in which he was previously discharged, thus accusing Hickam of committing "application fraud."   Hickam did not just call employers who discharged him.

---

[1] Post-Traumatic Stress Disorder [PTSD] is a mental health condition that is triggered by a terrifying or traumatic event. Symptoms may include flashbacks, anxiety, negative thoughts and beliefs, hypervigilance and more. *Mayo Clinic. com.* Hickam was diagnosed with PTSD after returning from his duty during the Iraq War. The PTSD affects his ability to work and work with coworkers.

6.     OPM knew that Hickam had an actual disability, or record of a disability, based on the following facts:

    a. Hickam's DD214 (navy discharge papers mentioning disability status);
    b. 10-point disability veteran status toward getting the job;

    c. Hickam's VA disability letter;

    d. Mr. Gianni Ledezma, in his HISD supervisory role, told OPM over the phone that Hickam had PTSD; and

    e. The on-line OPM application questions asking if Hickam has, or in the past, has had any disabilities.

7. Hickam applied for a job with the VA in March 2022. As part of the application process, the VA asked Hickam to complete an application form. While his application was pending, Hickam began work with the VA in June 2022. OPM did not ask Hickam if he needed assistance in understanding the questions on the application, especially Question No. 12. That question asked Hickam if he had been terminated from employment with *any* of his prior employers. Indeed, the question did not ask him to list *all* employers.

8. **OPM Application Question No. 12 asks**: " During the last five (5) years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal agency? If, "YES," use item 16 to

4

provide the date, an explanation of the problem, reason for leaving, and the employer's name and address."

9. Hickam answered 'YES' to Question No 12 and provided the following information: "I was fired after a dispute with another employee. I left for a better job with TDI Industries." TDI is a premier design-build mechanical construction service and facilities maintenance provider, 9525 Derrington Road, Houston, Tx. 77061.

10.. OPM also relied on Ledezma's false communications to OPM to support OPM's termination of Hickam's employment. These communications included, without limitation, problems interacting with coworkers, trouble complying with safety equipment applications, and arguing with supervisors.

11. OPM was aware of Hickam's PTSD and that he had an actual disability and record of a disability as defined under RA Section 504. For instance, Ledezma, while employed with HISD, informed OPM that Hickam was a danger to himself or others. These disputes were based on communications between Hickam and HISD personnel.

12. Shortly thereafter, OPM terminated Hickam's employment based largely on (a) Hickam's alleged failure to answer completely OPM's Application No. 12; and (b) Ledezma's false statements conveyed to OPM about Hickam's HISD employment. These reasons were false and a pretext for disability discrimination.

13. Hickam ultimately pursued his disability claims to the U.S. Merit Systems Protection Board ("MSPB").   After a hearing on Hickam's claims, the MSPB administrative law judge ("ALJ") dismissed Hickam's claims, finding no evidence to support a finding that OPM discharged Hickam because of his disability.   The ALJ also found that Hickam had falsely completed his answer to Application Question No. 12.

14. Hickam then filed his *pro se* Original Complaint with this Court on August 18, 2023, challenging its factual findings and conclusions of the law.

15. HISD and Ledezma, upon information and belief, continued to prevent Hickam from securing new employment after OPM discharged Hickam.

16. Upon information and belief, Defendants OPM AND HISD made false statements to prospective employers about Hickam, namely, false reasons for terminating Hickam's employment.

17. Hickam applied for approximately sixty (60) jobs after OPM let him go, but he did not receive any job offers.  At this time, he is still unemployed.

18. Finally, Hickam is capable of performing the essential functions of an HVAC job and a range of other jobs.

## CAUSES OF ACTION

Hickam lodges the following causes of action.

## COUNT I.

### Failure to Accommodate Under RA Section 504 Against OPM

19. Hickam is a qualified individual with an actual disability and a record of a disability—PTSD.

20. Hickam requested a reasonable accommodation to complete his job application, but OPM failed to engage in the interactive process to offer Hickam a reasonable accommodation under the RA. Regarding the answer to Question No. 12 on his VA job application, OPM accused him of application fraud because Hickam did not provide a complete answer to Job Application No. 12.

21. The VA flatly refused to consider Hickam's explanation that he properly named *any* prior employer, (*e.g.*, TDI) who discharged him—the question did not ask Hickam to identify *all* employers.

22. OPM's failure to offer Hickam a reasonable accommodation violates RA Section 504.

## COUNT II
### Discriminatory Discharge
### Under RA Section 504 Against OPM

23. OPM discharged Hickam because of his disability based on the pretext that he committed application fraud. To the contrary, OPM terminated Hickam because of his PTSD in violation of RA Section 504.

## COUNT III
## Tortious Interference-All Defendants

24. Upon information and belief, Defendants HISD and Ledezma intentionally provided false information to Hickam's prospective employers about the circumstances underlying Hickam's employment. Defendants did so with malicious intent to preclude Hickam from securing employment.

25. Defendants' "tortious interference" also caused Hickam to lose employment opportunities with prospective employers and the loss of these opportunities caused him actual damages.

## RELIEF REQUESTED AND CONCLUSION

26. Accordingly, Hickam requests that the Court reverse the MSPB's conclusions and findings that (a) OPM fired Hickam from the VA because of his disability and (b) OPM legitimately discharged Hickam's VA employment based on Hickam's application fraud.

27. Based on the facts and law recited in this First Amended Complaint, Hickam seeks all actual and compensatory damages to which he is entitled under RA Section 504. Further, Hickam has been unable to find another job because of Defendants' false communications made to third party prospective employers.

28. Hickam specifically seeks:

a.    Backpay/front pay;

b.    Time and federal grade restoration;

c.    Sick/vacation days as part of his backpay;

d.    Attorneys' fees; and

e.    All other relief to which Hickam is entitled, including, without limitation, pre-and post-judgment interest.

## JURY DEMAND

Based on Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury in this action on all issues triable by jury.

Respectfully submitted:

By:  /s/ *Dean J. Schaner*
Dean J. Schaner
Texas Bar No.  17726500
Schaner Law Firm PLLC
5313 Pocahontas St.
Bellaire, Texas 77401
Telephone:  832-548-1478
deanschaner@schanerlawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on  August 13, 2024, a true and correct copy of Plaintiff's First

Amended Complaint was served by CM/ECF and Certified Mail Return Receipt

Requested to the following:

Myra Siddiqui
Assistant United States Attorney General
1000  Louisana, Suite 2300
Houston, Texas 77002
myra.siddiqui@usdoj.gov
**Certified Mail 7022 0410 0000 7321 8764**
**Return Receipt Requested**

HISD
C/O Audrey Momanee, President
4400 W. 18th Street,
Houston, Texas 77092
**Certified Mail 7022 0410 0000 7321 8757**
**Return Receipt Requested**

Gianni Ledezma
228 Wallace Street
Houston, Texas 77022
**Certified Mail 7022 0410 0000 7321 9037**
**Return Receipt Requested**

On August 13, 2024, Plaintiff has initiated service of process and summons to

Defendants HISD and Ledezma. HISD may be served through Audrey Momanaee,

President HISD, at 4400 W 18th Street, Houston, Texas, 77092-850. Ledezma may

be served at his home address located at 228 Wallace Street, Houston, Tx, 77022.

/s/ *Dean J. Schaner*
Dean J. Schaner
