Case 4:23-cv-03133   Document 47   Filed on 10/18/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 18, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ERNEST JEWEL HICKAM IV, § § Plaintiff. § § V. § § OFFICE OF PERSONNEL § MANAGEMENT, *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:23-cv-03133 |

## MEMORANDUM AND RECOMMENDATION

Pending before me are two motions to dismiss: one filed by Houston Independent School District ("HISD") and Gianni Ledezma (Dkt. 43); and one filed by the Office of Personnel Management ("OPM"). Dkt. 44. For the reasons that follow, I recommend both motions be granted.

## BACKGROUND

I begin with the allegations in the First Amended Complaint—the live pleading. *See* Dkt. 34. Hickam, a Navy veteran suffering from Post-Traumatic Stress Disorder ("PTSD"), worked for HISD as a Senior Heating, Ventilation, and Air Conditioning Repairer from December 11, 2014, until he was terminated on August 9, 2021. Hickam alleges HISD discharged him "based on discriminatory written warnings and a conflict . . . in which Hickam used the 'F' word when his supervisor touched Hickam and got in his face." *Id.* at 3. Ledezma was Hickam's supervisor at HISD.

After leaving HISD, Hickam took a job with TDI Industries, where he worked from September 2021 to February 2022.

In March 2022, Hickam applied for a job with Veterans Affairs ("VA"). As part of the job application process, Hickam was required to answer the following question ("Question 12"):

> During the last five (5) years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by [OPM] or any other Federal agency? If, 'YES,' . . . provide the date, an explanation of the problem, reason for leaving, and the employer's name and address.

*Id.* at 4. Hickam responded: "I was fired after a dispute with another employee[;] I left for a better job with TDI Industries." *Id.* at 5.

Hickam began working for the VA in June 2022 as an air conditioning equipment operator. At some unspecified point in time, Ledezma informed OPM—an independent agency of the United States government that manages the federal civil service—"that Hickam was a danger to himself or others." *Id.* OPM terminated Hickam on April 18, 2023, purportedly for two reasons: (1) because Hickam failed to completely answer Question 12; and (2) because Ledezma made negative statements about Hickam to OPM. Hickam alleges that these reasons for termination were false and a pretext for discrimination.

Hickam brings three causes of action: (1) a failure-to-accommodate claim against OPM under § 504 of the Rehabilitation Act, recodified at 29 U.S.C. § 794; (2) a discriminatory discharge claim against OPM under § 504; and (3) a tortious interference claim against OPM, HISD, and Ledezma.

## LEGAL STANDARD

### A.     RULE 12(b)(1)

Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *See* FED. R. CIV. P. 12(b)(1). A claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). District courts may dismiss a claim for lack of subject matter jurisdiction upon consideration of: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010) (quotation omitted).

The party asserting jurisdiction has the burden to establish subject matter jurisdiction. *See McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023). In evaluating a Rule 12(b)(1) motion, I accept all well-pleaded factual allegations in the complaint as true, viewing them in the light most favorable to the plaintiff. *See Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 256 (5th Cir. 2020). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**B.    RULE 12(b)(6)**

A complaint must be dismissed when it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the dismissal stage I construe the alleged facts in the light most favorable to the plaintiff. *See Crane v. City of Arlington*, 50 F.4th 453, 461 (5th Cir. 2022).

## ANALYSIS

A.    **FAILURE-TO-ACCOMMODATE CLAIM**

Hickam asserts a failure-to-accommodate claim against OPM. To state a prima facie failure-to-accommodate claim, Hickam must allege facts that suggest: "(1) [he] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Weber v. BNSF Ry. Co.*, 989 F.3d 320, 323 (5th Cir. 2020) (quotation omitted). "Plaintiffs ordinarily satisfy the knowledge element by showing that they identified their disabilities as well as the resulting limitations to a public entity or its employees and requested an accommodation in direct and specific terms." *Smith v. Harris Cnty.*, 956 F.3d 311, 317 (5th Cir. 2020).[1]

OPM argues that Hickam's failure-to-accommodate claim fails because he (1) "has not alleged any facts—conveyed to OPM or not—regarding the 'consequential limitations' of his PTSD"; and (2) "fails to allege facts to plausibly plead the causation element." Dkt. 44 at 4–5. I need address only the first of these arguments.

Hickam does not allege that he (1) informed the VA or OPM of his PTSD and its consequential limitations, or (2) requested an accommodation in "direct and specific terms." *Smith*, 956 F.3d at 317. Hickam alleges that he "requested a reasonable accommodation to complete his job application," but he does not state what that requested accommodation was or provide any other details regarding OPM's knowledge of the extent of Hickam's disability. Dkt. 34 at 7. Elsewhere in his complaint, Hickam suggests that OPM was required to ask *him* if he needed

---

[1] *Smith* is a case concerning the Americans with Disabilities Act ("ADA"), not the Rehabilitation Act. Even so, it applies with full force because "[t]he close relationship between Section 504 of the Rehabilitation Act and Title II of the ADA means that precedents interpreting either law generally apply to both." *Smith*, 956 F.3d at 317; *see also Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011) ("The ADA and the Rehabilitation Act generally are interpreted *in pari materia*.").

help, which is simply not the law. *See id.* at 4 ("OPM did not ask Hickam if he needed assistance in understanding the questions on the application.").

"When a plaintiff fails to request an accommodation in [direct and specific terms], he can prevail only by showing that the disability, resulting limitation, and necessary reasonable accommodation were open, obvious, and apparent to the entity's relevant agents." *Smith*, 956 F.3d at 317–18 (quotation omitted). Hickam has not alleged facts suggesting that his PTSD was "open, obvious, and apparent" to the VA or OPM. *Id.* (quotation omitted). Accordingly, Hickam has not alleged the knowledge element of a failure-to-accommodate claim. Because Hickam's failure to allege the knowledge element is an independent and sufficient reason to dismiss his failure-to-accommodate claim, I do not reach OPM's arguments regarding Hickam's failure to allege causation.[2]

## B. DISCRIMINATORY DISCHARGE CLAIM

Hickam also asserts a discriminatory discharge claim against OPM. To state a prima facie discrimination claim under the Rehabilitation Act, Hickam must allege facts suggesting that: "(1) he is an 'individual with a disability'; (2) who is 'otherwise qualified'; (3) who worked for a 'program or activity receiving Federal financial assistance'; and (4) . . . he was discriminated against 'solely by reason of . . . his disability.'" *Hileman v. City of Dall.*, 115 F.3d 352, 353 (5th Cir. 1997) (quoting 29 U.S.C. § 794(a)).

OPM argues that Hickam "has not alleged any facts that show the termination of his Federal appointment with the VA following the negative suitability determination was *solely* because of his disability." Dkt. 44 at 6. As OPM

---

[2] Regarding his failure-to-accommodate claim, Hickam complains that "OPM failed to engage in the interactive process." Dkt. 34 at 7. "[I]t is the employee's initial request for an accommodation which triggers the employer's obligation to participate in the interactive process of determining one. If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one." *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996). Because Hickam has not alleged that he specifically identified his disability and its consequential limitations, nor that he suggested reasonable accommodations, Hickam has not established that OPM's obligation to engage in the interactive process was triggered.

points out, Hickam acknowledges two reasons, unrelated to his disability, for his termination: (1) his failure to completely answer Question 12 and (2) Ledezma's negative statements regarding Hickam's HISD employment. *See* Dkt. 34 at 5.

As to the first of these reasons, only if Hickam could state a failure-to-accommodate claim could he suggest that it was discriminatory for OPM to fire him for not completely responding to Question 12. But, as shown above, Hickam cannot state a failure-to-accommodate claim. Hickam "can not hide behind the [Rehabilitation Act] and avoid accountability for his actions." *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1052 (5th Cir. 1998). Thus, Hickam's acknowledgement that OPM fired him, at least in part, because he failed to completely answer Question 12 is fatal to any claim that OPM fired him *solely* because of his disability. *See id.* ("The cause of [the employee's] discharge was not discrimination based on PTSD but was rather his failure to [comply with workplace policies].").

### C. TORTIOUS INTERFERENCE CLAIM

Hickam purportedly brings a tortious interference claim against OPM, HISD, and Ledezma. As shown below, Hickam cannot assert a tortious interference claim against any defendant in this action.

#### 1. *OPM*[3]

It is black-letter law that the United States is immune from tort suits absent a waiver of immunity. *See Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity. *See* 28 U.S.C. § 1346. The tortious interference claims at issue here, however, fall outside the FTCA's scope. *See* 28 U.S.C. § 2680(h) (excluding from the waiver of sovereign immunity "[a]ny claim arising out of . . . interference with

---

[3] Hickam has sued OPM, an agency of the United States. He has not sued the United States. This is independently problematic because "[i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.*

6

contract rights."). Because the United States has not waived sovereign immunity to tortious interference claims, this court lacks subject matter jurisdiction to hear Hickam's tortious interference claim against OPM, and it must be dismissed. *See Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 378 (5th Cir. 1987) (holding that § 2680(h) bars claims against the federal government regarding misrepresentations and interference with contract rights).

### 2. *HISD*

As a public school district, HISD is a governmental unit immune from liability unless that immunity has been waived by the Texas Tort Claims Act ("TTCA"). *Tooke v. City of Mexia*, 197 S.W.3d 325, 330 n.11 (Tex. 2006) ("Governmental immunity . . . protects political subdivisions of the States, including . . . school districts." (quotation omitted)). The TTCA offers a limited waiver of immunity for certain tort claims against governmental entities, but this waiver does not extend to intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2) ("This chapter does not apply to a claim . . . arising out of . . . [an] intentional tort, including a tort involving disciplinary action by school authorities."). Tortious interference is unquestionably an intentional tort for which the TTCA does not waive immunity. *See City of Hous. v. Hous. Metro Sec.*, No. 01-22-00532-cv, 2023 WL 2602520, at *5 (Tex. App.—Houston [1st Dist.] Mar. 23, 2023, no pet.). As a result, Hickam's tortious interference claim against HISD must be dismissed for lack of subject matter jurisdiction. *See Smith v. Hous. Indep. Sch. Dist.*, 229 F. Supp. 3d 571, 578 (S.D. Tex. 2017) (dismissing tortious interference claim against HISD based on governmental immunity).

### 3. *Ledezma*

The TTCA also mandates dismissal of Hickam's tortious interference claim against Ledezma. The TTCA includes an "Election of Remedies" provision, which generally prohibits recovery from the governmental unit and its employee in the same action. TEX. CIV. PRAC. & REM. CODE § 101.106. "Section 101.106 . . . requir[es] plaintiffs to choose between suing the governmental unit under the [TTCA] and

7

suing a responsible employee in an individual capacity." *Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019). "If the plaintiff sues both the governmental unit and any of its employees under the TTCA, 'the employees shall immediately be dismissed on the filing of a motion by the governmental unit.'" *Bustos v. Martini Club Inc.*, 599 F.3d 458, 462 (5th Cir. 2010) (quoting TEX. CIV. PRAC. & REM. CODE § 101.106(e)). Because HISD has filed a motion to dismiss, Hickam's tortious interference claim against Ledezma must be dismissed. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) ("Under subsection (e), [the employee is] entitled to dismissal of [plaintiff]'s suit against him upon the ISD's filing of a motion.").

## CONCLUSION

For the reasons discussed above, I recommend both motions to dismiss be **GRANTED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 18th day of October 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE